IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JOHN QUAY HOUSE, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 04-6364-HO |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| WARDEN, CHARLES DANIELS, | ) | |
| | ) | |
| Respondent. | ) | |

Following a guilty plea to manufacturing methamphetamine, the court sentenced petitioner to 46 months incarceration. Petitioner subsequently filed a petition pursuant to 28 U.S.C. § 2255 raising several grounds for relief including ineffective assistance of counsel for failing to oppose the Guidelines Firearms Enhancement. The court denied petitioner's section 2255 petition.

Petitioner is back before this court seeking relief pursuant to 28 U.S.C. § 2241. Petitioner "seeks immediate release from the term of his imprisonment without half-way house program," because his due process rights were violated because the court either

inappropriately enhanced his sentence based on factors in the pre-sentence report or the Bureau of Prisons relied on a sentence enhancement based on inaccurate facts in the pre-sentence report in violation of the rules announced in <u>Apprendi v. New Jersey</u>, 120 S.Ct. 2348 (2000) and <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004). Through his section 2241, petitioner again seeks to attack his sentence enhancement for possession of firearms. Accordingly, petitioner seeks to attack the constitutionality of his sentence, just as he did in his previous section 2255 petition. Respondent moves to dismiss the petition (#9).

Generally, motions to contest the legality of a sentence must be filed under section 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to section 2241 in the custodial court. <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864 (9th Cir. 2000). Petitioner in this case attempts to challenge the legality of his sentence.

Under the savings clause of section 2255, however, a federal prisoner may file a habeas corpus petition pursuant to section 2241 to contest the legality of a sentence where his remedy under section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see <u>Moore v. Reno</u>, 185 F.3d 1054, 1055 (9th Cir. 1999). A section 2255 petition is not inadequate or ineffective to test the legality of his detention in this case.

2 - ORDER

While petitioner cannot file a successive or second petition without authorization from the Ninth Circuit pursuant to 28 U.S.C. 2244, section 2241 is not available under the inadequate-or-ineffective-remedy escape hatch of section 2255 merely because the court of appeals refuses to certify a second or successive motion under the gatekeeping provisions of section 2255. Moore v. Reno, 185 F.3d 1054 (9th Cir. 1999).

Petitioner, as noted above, has already sought relief under 28 U.S.C. § 2255. Before a second or successive petition may be filed under section 2255, it must be certified by a Ninth Circuit panel as involving either newly discovered evidence or a retroactively applicable new rule or constitutional procedure. See 28 U.S.C. § 2255; 28 U.S.C. § 2244(b)(2). Petitioner has not obtained such certification from the Ninth Circuit. Therefore, this court lacks jurisdiction over the petition and the petition must be dismissed.

## CONCLUSION

For the reasons stated above, respondent's motion to dismiss (#9) is granted. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied and this proceeding is dismissed.

DATED this 17th day of May, 2005.

Michael C. Hogan
United States District Judge

3 - ORDER